**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | CASE NO.   2:22-CR-89 |
| **Plaintiff,** | : | |
| v. | : | **CHIEF JUDGE MARBLEY** |
| **CODY N. BEASLEY,** | : | |
| **Defendant.** | : | |

**SENTENCING MEMORANDUM OF THE UNITED STATES**

Plaintiff United States of America, by and through its counsel of record, the United States Attorney's Office for the Southern District of Ohio, hereby files its position concerning the sentencing of Defendant Cody N. Beasley. This sentencing position is based upon the attached memorandum of points and authorities, the Presentence Investigation Report ("PSR") in this case, and any further evidence or argument as may be presented at any sentencing hearing on this matter.

Respectfully submitted,

KENNETH L. PARKER
United States Attorney

*s/Elizabeth A. Geraghty*
ELIZABETH A. GERAGHTY (0072275)
Assistant United States Attorney
Attorney for Plaintiff
303 Marconi Boulevard, Suite 200
Columbus, Ohio 43215
Office: (614) 469-5715
E-mail: Elizabeth.Geraghty@usdoj.gov

I.      **BACKGROUND**

On or about December 20, 2021, the victim filed a report with the Brooklyn Ohio Police that check number 1370, written on her personal Fifth Third Federal Savings and Loan in the amount of $2,389.97 and payable to Chase Visa, had been stolen from the U.S. mail and fraudulently cashed on or about December 17, 2021. She reported that the check had been altered to the amount of $8,389.97 and made payable to B. B.-A.

On or about December 16, 2021, Cody N. Beasley ("Beasley") is seen on Huntington National Bank (HNB) ATM surveillance video, located at 2607 London-Groveport Rd., Grove City, Ohio depositing the check into the personal HNB account of B. B.-A. The video also shows Beasley holding other checks that appear to have the payee line whited out with names written on top of the white out.

In November of 2021, Grandview Heights Police Department investigated the theft of several checks from the USPS collection box located at 1391 Grandview Avenue. The investigation began after victims reported that checks they put in the mail had been altered and deposited into an unknown individual's account. Additional investigation revealed Beasley on ATM surveillance video depositing multiple checks into the account of L.S. The total of these checks was $12,212.

Beasley was placed on supervised release with Federal Probation in November 2021 for Conspiracy to Commit Bank Fraud, Bank Fraud and Possession of Stolen Mail.

On May 24, 2022, the United States Attorney's Office filed a one-count indictment against Defendant Cody N. Beasley charging him with Bank Fraud, in violation of 18 U.S.C. §1344(2). On July 8, 2022, Beasley entered a guilty plea to this one count pursuant to a Rule 11(c)(1)(A) Plea Agreement. (Doc. #30).

The maximum term of imprisonment is 30 years. The Court may impose a term of supervised release of not more than five years and a maximum fine of $1,000,000. There is a mandatory special assessment of $100. 18 U.S.C. § 3013.

As set forth in the PSR and agreed to by the parties in the Plea Agreement, the base offense level is 7. U.S.S.G. § 2B1.1(a)(1). A 4-level increase to the offense level is applicable pursuant to U.S.S.G. § 2B1.1(b)(1)(C) based on the determination that the amount of loss was more than $15,000 but not more than $40,000 for a total base offense level of 11. The offense level is decreased by 2 to a total level of 9 due to Beasley's acceptance of responsibility. U.S.S.G. § 3E1.1. The PSR correctly calculated that Beasley's criminal history category as III. Together, this corresponds to a guidelines range of 8-14 months of incarceration. There were no objections to the PSR. With this memorandum, the United States respectfully requests this Court to impose a total sentence of 14 months of incarceration consecutive to any term imposed for Beasley's supervised release violation in case number 2:20-CR-12.

II. **SENTENCING FACTORS**

The Supreme Court has declared: "As a matter of administration and to secure nationwide consistency, the Guidelines should be the starting point and the initial benchmark." *Gall v. United States*, 128 S. Ct. 586, 596 (2007). The Sentencing Guidelines remain an indispensable resource for assuring appropriate and uniform punishment for federal criminal offenses. This court must also consider each sentencing consideration set forth in Section 3553(a). Those factors include:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed

(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

    (B)  to afford adequate deterrence to criminal conduct;
    (C)  to protect the public from further crimes of the defendant; and
    (D  to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

 (3)  the kinds of sentences available;

 (4)  the kinds of sentence and the sentencing range established for the applicable category of offenses committed by the applicable category of defendant as set forth in the guidelines;

 (5)  any pertinent policy statements;

 (6)  the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

 (7)  the need to provide restitution to any victims of the offense.

***The Nature and Circumstances of the Offense.***

  The nature and circumstances of this case, as set forth above, necessitate a sentence of imprisonment. Defendant knowingly participated in an ongoing scheme to fraudulently cash checks stolen from the mail.

  Second, Beasley's offense was committed while under the supervision of the U.S. Probation Office. (PSR ¶ 32). Beasley was released onto supervised release on November 18, 2021, and one month later he was on surveillance at an ATM depositing a stolen altered check. (*Id.*).

  This Court must consider "the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense." 18 U.S.C. § 3553(a)(2)(A). Because Beasley has no respect for the law and has learned nothing from his prior sentence, anything less than a term of imprisonment would spurn respect for the law at the expense of justice.

***The History and Characteristics of the Defendant.*** As to the history and characteristics of Beasley, the United States relies on the information learned during the course of the investigation and the facts contained in the PSR. Beasley is 21 years old and was born in Columbus, Ohio. (PSR ¶ 43). While Beasley lacked the presence of his father, he has had unwavering support from his mother, grandmother, and other adults. Mr. Beasley's youth has been marked by his repeated criminal offenses which have continued, largely unabated. As for his educational attainment, Beasley went to several different schools and either failed or was suspended due to behavioral issues. He withdrew from high school and has not obtained his GED. (*Id.* at ¶ 56-59).

Beasley also began to build his criminal record from the young age of 13. His prior convictions include attempted burglary, falsifications, firearms and fraud. (PSR ¶26-36). A common thread of poor adjustment to supervision is included in almost every prior contact with the Court, including his current supervision.

***The Need to Afford Adequate Deterrence to Criminal Conduct.*** The Court must also consider the need for the sentence imposed "to afford adequate deterrence to criminal conduct." 18 U.S.C. § 3553(a)(2)(B). Here, the Government respectfully submits that a 14-month term of imprisonment consecutive to any term imposed for Beasley's supervised release violation, followed by a term of supervised release of at least three years is sufficient to serve this purpose. The deterrent message and effect of the sentence imposed by the Court in this case will resonate significantly with other potential fraudsters that there are serious consequences for those who violate federal law.

***The Need to Protect the Public.*** A sentence of 14 months imprisonment consecutive to any term of imprisonment imposed for the supervised release violation appropriately punishes Beasley for causing extensive harm to the numerous individuals and financial institutions

affected while avoiding a probationary sentence that might send the message that significant federal offenses and harm to victims don't result in significant punishment.

***The Guidelines Are Reasonable and Deserve Appropriate Consideration.*** The government's requested sentence of 14 months of imprisonment is well within the guidelines range and avoids unwarranted sentencing disparities. 18 U.S.C. 3553(a)(6). In sum, the United States respectfully submits that this sentence is sufficient, but not greater than necessary, to accomplish the goals of sentencing and properly accounts for the 3553(a) factors.

***The Need to Provide Restitution.*** Finally, there is a need to provide restitution in this case as determined by the Probation Department and the Court to attempt to make all victims whole. Here, the Probation Department recommends $20,601.97 in restitution.

### III.     CONCLUSION

For all these reasons, the United States respectfully requests this Court to impose a sentence of 14 months consecutive to any term of imprisonment imposed for the supervised release violation, to be followed by a term of supervised release to be determined by the Court.

Respectfully submitted,

KENNETH L. PARKER
United States Attorney


s/*Elizabeth A. Geraghty*
ELIZABETH A. GERAGHTY (0072275)
Assistant United States Attorney
303 Marconi Boulevard, Suite 200
Columbus, Ohio 43215
Office: (614) 469-5715
E-mail: Elizabeth.Geraghty@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing Sentencing Memorandum was served this 5th day of October 2022, electronically on W. Joseph Edwards, Attorney for Defendant.

*s/Elizabeth A. Geraghty*
ELIZABETH A. GERAGHTY (0072275)
Assistant United States Attorney
